ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                )
                                            )
Hensel Phelps Construction Co.              )        ASBCA No. 61517
                                            )
Under Contract No. N40080-11-C-0154         )

APPEARANCES FOR THE APPELLANT:          Todd R. Metz, Esq.
                                        Brian R. Dugdale, Esq.
                                          Varela, Lee, Metz & Guarino, LLP
                                          Tysons Corner, VA

APPEARANCES FOR THE GOVERNMENT:         Craig D. Jensen, Esq.
                                          Navy Chief Trial Attorney
                                        Ellen M. Evans, Esq.
                                          Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

FINDINGS OF FACT

In 2011, the government contracted with appellant, Hensel Phelps Construction Co., for construction work at a naval air station; the project included an aircraft parking apron and taxiway access (R4, tab 1 at 1, 4). In 2015, the government revoked its previous acceptance of those parts of the work, citing what it says are defects (R4, tabs 108, 115). On November 15, 2017, the contracting officer issued a final decision stating:

> [Appellant] should consider this a [contracting officer's final decision] to assert a demand *for the cost to replace* the concrete apron and asphalt taxiway, *currently* estimated at $2,900,000. *If you do not replace the defective pavement to a fully usable condition by October 31, 2018*, the Government intends to fulfill this demand in the form of set-off from future payments under other Government contracts with Hensel Phelps.

(R4, tab 131 at 4) (Emphasis added) Previously, appellant had indicated to the government that it would perform the repairs and claim the costs incurred, including, specifically, through a request for equitable adjustment of the contract price for the taxiway (R4, tabs 128-29, 130 at 1-2). On February 6, 2018, appellant appealed from the contacting officer's final decision, seeking no damages but a judgment that appellant "has fulfilled its obligations under the Contract" (compl. at 11-12).

DECISION

We raised with the parties whether we possess jurisdiction to entertain the appeal, specifically whether the contracting officer's final decision states a sum certain. Appellant says it does; the government does not provide a direct answer (app. br. at 4; gov't br. at 4). In view of the contingencies set forth in the contracting officer's statement, we do not find in the decision the sum certain that is a prerequisite of our jurisdiction to entertain a monetary claim under the Contract Disputes Act. *See Wimberly, Allison, Tong & Goo, Inc.*, ASBCA No. 56432, 09-2 BCA ¶ 34,301 at 169,436 (seeking reimbursement for costs "currently estimated as" $5 million), *dismissal aff'd on recon.*, 10-1 BCA ¶ 34,365 at 169,703-04 (no jurisdiction where purported government claim did not demand a sum certain given "host of contingencies"); *Eaton Contract Services, Inc.*, ASBCA No. 52888 *et al.*, 02-2 BCA ¶ 32,023 at 158,267 ("A claim may contain an estimate of anticipated costs, as long as it includes a sum certain for the overall demand."). The decision does not demand payment of $2.9 million; it demands payment of replacement costs, as yet undetermined, that are currently estimated at $2.9 million, and leaves open that the real figure may end up being something other than $2.9 million (presumably more), depending upon future events. The decision is an effort to motivate appellant to get back to work, leaving open that no money will be owed the government if appellant remedies the alleged defects by October 31, 2018. In other, similar circumstances, contracting officers have rescinded such decisions as premature. *E.g.*, *Wimberly*, 09-2 BCA ¶ 34,301 at 169,436 ("currently estimated" amount); *KBJ Architects, Inc.*, ASBCA No. 56434, 09-2 BCA ¶ 34,298 at 169,420-21 (same).

However, we possess jurisdiction to entertain appellant's request for a declaratory judgment that it has fulfilled its obligations under the contract; that is, a challenge to the contracting officer's final decision directing appellant to correct work already performed. *See Garrett v. General Electric Co.*, 987 F.2d 747, 752 (Fed. Cir. 1993). The parties say that we should exercise our discretion to grant declaratory relief (app. decl. br. at 1; gov't decl. br. at 3), and, considering the similarities between the circumstances of this appeal and those in *Garrett*, we agree. *Cf. id.* (exercise of jurisdiction over the contracting officer's decision regarding the government's directives to correct work during contract performance was proper).

2

## CONCLUSION

We find no jurisdiction over any purported monetary claim. The Board will exercise its declaratory judgment jurisdiction.

Dated: July 17, 2018

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61517, Appeal of Hensel Phelps Construction Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3